IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHARI HUTCHINSON, | ) | CASE NO. 1:08 CV 2966 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN O'MALLEY |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANTS' ANSWER** |
| CUYAHOGA COUNTY BOARD OF | ) | |
| COUNTY COMMISSIONERS, ET AL., | ) | (Jury Demand Endorsed Hereon) |
| | ) | |
| Defendants. | ) | |

## **ANSWER**

For their Answer to the Second Amended Complaint, defendants Cuyahoga County Board of Commissioners, Joe Gauntner, James Viviani, Tony Sharaba, and Mary Jane Coleman (hereafter "defendants") respectfully state as follows:

1. Defendants admit that plaintiff instituted this action under 42 U.S.C. § 1983. Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 1 of the Second Amended Complaint.

2. Defendants admit that plaintiff has invoked this Court's jurisdiction pursuant to 28 U.S.C. § 1331. Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 2 of the Second Amended Complaint.

1

3. Defendants admit that plaintiff is an employee of the Cuyahoga Support Enforcement Agency ("CSEA"). Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 3 of the Second Amended Complaint.

4. Defendants admit that defendant Cuyahoga County Board of County Commissioners is a governmental entity and employer. Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 4 of the Second Amended Complaint.

5. Defendants admit that defendant Joe Gauntner was Acting Director of CSEA from approximately September 2007 through mid 2008. Defendants deny the remaining allegations contained in paragraph 5 of the Second Amended Complaint.

6. Defendants admit that defendant James Viviani was Social Administrator VI and subsequently Director of CSEA. Defendants deny the remaining allegations contained in paragraph 6 of the Second Amended Complaint.

7. Defendants admit that defendant Tony Sharaba was Deputy Director of Client Services of CSEA. Defendants deny the remaining allegations contained in paragraph 7 of the Second Amended Complaint.

8. Defendants admit that defendant Mary Jane Coleman was Manager of Enforcement or Manager of Specialty Enforcement of CSEA. Defendants deny the remaining allegations contained in paragraph 8 of the Second Amended Complaint.

9. Defendants restate and incorporate by reference herein their previous admissions and denials in response to the allegations contained in paragraph 9 of the Second Amended Complaint.

10. Defendants admit that Section 1.02 of the polices and procedures manual for Cuyahoga County prohibits discrimination against any person in the recruitment, training, examination,

appointment, promotion, retention, discipline, or any other aspect of personnel administration because of race, religion, national origin, sex, ancestry, age, disability, sexual orientation, or veteran status. Defendants deny the remaining allegations contained in paragraph 10 of the Second Amended Complaint.

11. Defendants deny for want of knowledge or information the allegations contained in paragraph 11 of the Second Amended Complaint.

12. Defendants deny that plaintiff was ever disciplined because of her sexual orientation. Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 12 of the Second Amended Complaint.

13. Defendants deny for want of knowledge or information the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Defendants admit that plaintiff was hired in October 2002 as a Support Officer 1 for CSEA. Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 14 of the Second Amended Complaint.

15. Defendants deny for want of knowledge or information the allegations contained in paragraph 15 of the Second Amended Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Second Amended Complaint.

17. Defendants admit that plaintiff was re-hired in June 2004 as a Senior Account Clerk. Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 17 of the Second Amended Complaint.

18. Defendants deny for want of knowledge or information the allegations contained in paragraph 18 of the Second Amended Complaint.

19. Defendants admit the allegations contained in paragraph 19 of the Second Amended Complaint.

20. Defendants deny for want of knowledge or information the allegations contained in paragraph 20 of the Second Amended Complaint.

21. Defendants deny for want of knowledge or information the allegations contained in paragraph 21 of the Second Amended Complaint.

22. Defendants admit the allegations contained in paragraph 22 of the Second Amended Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Second Amended Complaint.

24. Defendants deny for want of knowledge or information the allegations contained in paragraph 24 of the Second Amended Complaint.

25. Defendants admit that plaintiff was placed as a Support Officer 1 in November 2005. Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 25 of the Second Amended Complaint.

26. Defendants deny for want of knowledge or information the allegations contained in paragraph 26 of the Second Amended Complaint.

27. Defendants admit that plaintiff was assigned to the Interstate Unit under defendant Coleman's line of authority in January 2006. Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 27 of the Second Amended Complaint.

28. Defendants admit that plaintiff's March 2006 performance evaluation identified areas where some improvement was needed. Defendants deny the remaining allegations contained in paragraph 28 of the Second Amended Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Second Amended Complaint.

30. Defendants admit the allegations contained in paragraph 30 of the Second Amended Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Second Amended Complaint.

32. Defendants admit the allegations contained in paragraph 32 of the Second Amended Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Second Amended Complaint.

34. Defendants admit that the response to plaintiff's employment grievance noted that plaintiff had questioned the integrity of one of the members of the panel who interviewed applicants for the position of Support Officer II. Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 34 of the Second Amended Complaint.

35. Defendants admit that in August 2007, plaintiff's supervisor requested approval to have plaintiff assume the Program Officer 4 position as a Temporary Working Level ("TWL"). Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 35 of the Second Amended Complaint.

36. Defendants deny for want of knowledge or information the allegations contained in paragraph 36 of the Second Amended Complaint.

37. Defendants admit the allegations contained in paragraph 37 of the Second Amended Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Second Amended Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Second Amended Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Second Amended Complaint.

41. Defendants deny for want of knowledge or information the allegations contained in paragraph 41 of the Second Amended Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Second Amended Complaint.

43. Defendants admit that plaintiff returned to her prior position in September 2007 but deny that the Program Officer 4 position was abolished after only two weeks. Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 43 of the Second Amended Complaint.

44. Defendants deny for want of knowledge or information the allegations contained in paragraph 44 of the Second Amended Complaint.

45. Defendants admit that in February 2008 defendant Gauntner declined to effect plaintiff's transfer to another division within CSEA at that time. Defendants deny the remaining allegations contained in paragraph 45 of the Second Amended Complaint.

46. Defendants admit the allegations contained in paragraph 46 of the Second Amended Complaint.

47. Defendants admit that the position was re-posted. Defendants deny the remaining allegations contained in paragraph 47 of the Second Amended Complaint.

48. Defendants deny for want of knowledge or information the allegations contained in paragraph 48 of the Second Amended Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Second Amended Complaint.

50. Defendants deny for want of knowledge or information the allegations contained in paragraph 50 of the Second Amended Complaint.

51. Defendants deny for want of knowledge or information the allegations contained in paragraph 51 of the Second Amended Complaint.

52. Defendants admit that in February 2008, plaintiff was reassigned from being a Support Officer 1 in the Interstate Unit to being a Support Officer 1 in the Establishment Unit. Defendants deny the remaining allegations contained in paragraph 52 of the Second Amended Complaint.

53. Defendants deny for want of knowledge or information the allegations contained in paragraph 53 of the Second Amended Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Second Amended Complaint.

55. Defendants deny that defendant Viviani hired and paid a consultant to help the successful applicant perform the work. Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 55 of the Second Amended Complaint.

56. Defendants deny for want of knowledge or information the allegations contained in paragraph 56 of the Second Amended Complaint.

57. Defendants deny for want of knowledge or information the allegations contained in paragraph 57 of the Second Amended Complaint.

58. Defendants admit that plaintiff was promoted to the position of Administrative Officer in October 2008. Defendants deny the remaining allegations contained in paragraph 58 of the Second Amended Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Second Amended Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Second Amended Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Second Amended Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Second Amended Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Second Amended Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Second Amended Complaint.

65. Defendants restate and incorporate by reference herein their previous admissions and denials in response to the allegations contained in paragraph 65 of the Second Amended Complaint.

66. Defendants deny for want of knowledge or information the allegations contained in paragraph 66 of the Second Amended Complaint.

67. Defendants deny for want of knowledge or information the allegations contained in paragraph 67 of the Second Amended Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Second Amended Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Second Amended Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Second Amended Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Second Amended Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Second Amended Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Second Amended Complaint.

74. Defendants restate and incorporate by reference herein their previous admissions and denials in response to the allegations contained in paragraph 74 of the Second Amended Complaint.

75. Defendants admit that in August 2007, plaintiff's supervisor requested approval to have plaintiff assume the Program Officer 4 position as a Temporary Working Level ("TWL"). Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 75 of the Second Amended Complaint.

76. Defendants deny for want of knowledge or information the allegations contained in paragraph 76 of the Second Amended Complaint.

77. Defendants admit the allegations contained in paragraph 77 of the Second Amended Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Second Amended Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Second Amended Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Second Amended Complaint.

81. Defendants deny for want of knowledge or information the allegations contained in paragraph 81 of the Second Amended Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Second Amended Complaint.

83. Defendants admit that plaintiff returned to her prior position in September 2007 but deny that the Program Officer 4 position was abolished after only two weeks. Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 83 of the Second Amended Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Second Amended Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Second Amended Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Second Amended Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Second Amended Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Second Amended Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Second Amended Complaint.

## **AFFIRMATIVE DEFENSES**

90. Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against one or more of the defendants.

91. One or more of plaintiff's claims is barred by the running of the statute of limitations.

92. Defendants Gauntner, Viviani, Sharaba, and Coleman have qualified immunity for any and all federal law claims asserted against them individually.

93. To the extent that it may assert any claim for relief under state law, plaintiff's Second Amended Complaint is subject to all immunities, defenses and/or limitations prescribed under Chapter 2744 of the Ohio Revised Code.

**WHEREFORE,** having fully answered the allegations in the Second Amended Complaint, defendants Cuyahoga County Board of Commissioners, Joe Gauntner, James Viviani, Tony Sharaba, and Mary Jane Coleman pray that the Second Amended Complaint be dismissed, with prejudice, at plaintiff's costs.

    Respectfully submitted,

    WILLIAM D. MASON, Prosecuting Attorney
    of Cuyahoga County

By:   /s/ Charles E. Hannan
    CHARLES E. HANNAN (0037153)
    Assistant Prosecuting Attorney
    The Justice Center, Courts Tower, 8th Floor
    1200 Ontario Street
    Cleveland, Ohio 44113
    Tel: (216) 443-7758/Fax: (216) 443-7602
    E-mail: P4CEH@cuyahogacounty.us

    *Attorneys for Defendants*

## JURY DEMAND

Defendants Cuyahoga County Board of Commissioners, Joe Gauntner, James Viviani, Tony Sharaba, and Mary Jane Coleman respectfully demand a jury trial on all triable issues in this action.

    /s/ Charles E. Hannan
    CHARLES E. HANNAN
    Assistant Prosecuting Attorney

## **CERTIFICATE OF SERVICE**

    I certify that on the  9th  day of February 2009, the foregoing Defendants' Answer was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          /s/ Charles E. Hannan
                                          CHARLES E. HANNAN
                                          Assistant Prosecuting Attorney