UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

SHARI HUTCHINSON,

          Plaintiff,

    v.

CUYAHOGA COUNTY BOARD OF
COUNTY COMMISSIONERS, *et al.*,

          Defendants.

------------------------------------------------------

CASE NO. 1:08-CV-2966

OPINION & ORDER
[Resolving Doc. No. 70]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this sexual orientation discrimination case, Plaintiff Shari Hutchinson moves to compel testimony under Federal Rule of Civil Procedure 30(b)(6) and for sanctions under Federal Rule of Civil Procedure 37. [Doc. 70.]

Hutchinson first challenges the Defendants' designated Rule 30(b)(6) witness on the topic of Hutchinson's placement in and removal from a Program Officer IV position in August and September 2007. Specifically, Hutchinson says the designated Rule 30(b)(6) witness, Joseph Nanni, was unable to testify adequately on this topic and could not authenticate his signature on several documents related to this issue. [*Id.*] Second, Hutchinson requests that this Court sanction the Defendants for their failure to produce two documents contained in her personnel file; Hutchinson says that the Defendants removed these (and possibly other) documents prior to discovery in this case. [*Id.*]

-1-

-2-

Case No. 1:08-CV-2966
Gwin, J.

At a status conference before this Court on June 9, 2011, the parties resolved both disputes. As to the unauthenticated documents, the Defendants stipulated that Nanni authorized the documents to be signed on his behalf although Nanni himself did not sign them. Should Hutchinson wish to further depose Nanni, she must first request stipulations from the Defendants on the facts to be gleaned from deposition. Upon submission of those stipulations, if any, the Court will consider whether Nanni's further deposition is necessary.

As to Hutchinson's requested sanctions, the Defendants say they provided the omitted documents pursuant to Hutchinson's earlier disclosure request in 2009. The parties agreed that Hutchinson would review the documents provided in the Defendants' 2009 disclosure. If Hutchinson cannot locate the two omitted documents, the Defendants must provide them.

IT IS SO ORDERED.


Dated: June 10, 2011                         s/    *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE